## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| RETHA ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00615-SGC |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The plaintiff, Retha Robertson, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). (Doc. 1). Ms. Robertson timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 14). For the reasons that follow, the Commissioner's decision is due to be affirmed.

## I.     FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Ms. Robertson was fifty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision; she has an eighth grade education. (R. 39-40).

Ms. Robertson's past work experience includes employment as a sorter, utility assembler, headlight assembler, off bearing/inspector, cashier, CNA, feeder, film developer, fast food worker, photographer at a portrait studio, and creeler.[1]  (R. 28).  Ms. Robertson claims she became disabled on June 9, 2012, due to back problems, right leg problems, COPD, congestive heart failure, emphysema, depression, left shoulder problems, and panic attacks.  (R. 171).  Ms. Robertson applied for DIB benefits on June 20, 2012.  (R. 10).  After holding a hearing, the ALJ denied Ms. Robertson's claim on August 21, 2014.  (R. 29).  Ms. Robertson timely appealed to this court.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is performing substantial gainful activity ("SGA").  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in substantial gainful activity, he or she is not disabled and the evaluation stops.  *Id.*  If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet durational

---

[1] As a creeler, Ms. Robertson hung bobbins at a carpet manufacturing facility.  (*See* R. 47, 63).

requirements before a claimant will be found disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled, and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Ms. Robertson had not engaged in SGA since the alleged onset of her disability. (R. 13). At step two, the ALJ found Ms. Robertson suffered from the following severe impairments: minimal coronary artery disease, depression, anxiety, bilateral sacroiliitis, lumbar radiculopathy, and chronic obstructive pulmonary disease ("COPD"). (*Id.*).

At step three, the ALJ found Ms. Robertson did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments. (R. 21). Before proceeding to step four, the ALJ determined Ms. Robertson had the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c) with the following limitations: (1) a temperature-controlled work environment; (2) no climbing; (3) occasional stooping and crouching; (4) no driving; and (5) no right leg pushing and/or pulling. (R. 24). The ALJ determined Ms. Robertson was capable of simple, repetitive, non-complex tasks. (*Id.*).

During the hearing, the ALJ took testimony from a vocational expert ("VE"), who testified that Ms. Robertson retained the capacity to perform all past relevant, unskilled work. (R. 28). The ALJ found the VE's testimony to be credible and, at step four, determined Ms. Robertson was capable of performing past relevant work as a sorter, assembler, cashier, and utility assembler. (*Id.*). The ALJ concluded his decision by finding Ms. Robertson was not disabled. (R. 29).

## II.    STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).   A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is

supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   DISCUSSION

On appeal, Ms. Robertson argues the ALJ erred by: (1) failing to properly evaluate her complaints of pain; and (2) affording minimal weight to the opinion of Dr. Ammar Aldaher's opinion concerning the limiting effects of her conditions. (Doc. 10 at 4-10). Each contention is addressed in turn.

### A.    Plaintiff's Testimony and Evidence Regarding Pain

Regarding the proper evaluation of a claimant's complaints of pain, the Eleventh Circuit has held:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991)). An individual's testimony regarding pain is not conclusive evidence of disability without more; the testimony must be supported by medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques. 42 USC § 423(d)(5)(A). Thus, a claimant's subjective pain testimony supported by objective medical evidence that satisfies the pain standard is sufficient to support a finding of disability. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

The court must consider the entire record when determining whether there is substantial evidence to conclude that a claimant has the residual functional capacity to work. *Id.* However, it is not necessary for the ALJ to cite every specific finding in the medical record when determining a claimant's RFC. *See Dyer, 3*95 F.3d at 1211.

The ability to participate in everyday activities of short duration, such as housework, does not disqualify a claimant from disability. *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). It is not "necessary for a plaintiff's pain to render her bedridden in order for her to be disabled." *Bennet v. Barnhart*, 288 F. Supp. 2d 1246, 1252 (N.D. Ala. 2003). A claimant's ability to participate in activities may support a conclusion that her symptoms are not as severe as alleged, but participation in daily activities is not dispositive. *See Dyer,* 395 F.3d at 1211.

A claimant's continued use of cigarettes can suggest a pulmonary condition is not as severe as alleged.  *See Holley v. Chater*, 931 F. Supp. 840, 847-48 (S.D. Fla. 1996).

Ms. Robertson contends the ALJ erred in concluding that her daily activities undermined her testimony concerning the debilitating nature of her symptoms. (Doc. 10 at 10-11).  Ms. Robertson contends her ability to prepare small meals, clean, make her own bed, and attend to her personal care (*see* R. 22-23) does not contradict her testimony regarding pain and debilitating symptoms; a claimant does not have to "vegetate in a dark room" to be considered disabled, *Frizzell v. Astrue*, 487 F. Supp. 2d 1301, 1306 (N.D. Ala. 2007) (emphasis omitted).  (Doc. 10 at 10-11).  However, the ALJ also noted Ms. Robertson traveled to Florida by motorcycle just one month before her alleged disability onset date.  (R. 27).  This is notable because diagnostic and clinical examination findings from the time of the trip are the same findings Ms. Robertson cited in her disability application just one month later.  (R. 27; Doc. 15 at 11).  Accordingly, the ALJ did not err in finding Ms. Robertson's ability to ride a motorcycle long distances in May 2012 undermined her testimony of debilitating pain.  Moreover, the ALJ properly found Ms. Robertson's smoking habit, which continued through the date of the hearing, undermined her testimony concerning the debilitating nature of her COPD.  *See Holley*, 931 F. Supp. at 847-48.

Next, Ms. Robertson argues the ALJ relied on isolated notations in the record and failed to properly consider the entire medical record when determining her RFC for a reduced range of medium work. (Doc. 10 at 4-10). These arguments primarily focus on Ms. Robertson's back pain and breathing problems. (*Id.*). In his decision, the ALJ expressly stated he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence . . . ." (R. 24). The ALJ discussed the medical record in detail and considered each of the treatment records from medical visits after Ms. Robertson's alleged onset date. (R. 13-21). *See Simpson v. Colvin*, No. 14-0946-AKK, 2015 WL 139329 at *4 (N.D. Ala. Jan 12, 2015) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

Contrary to Ms. Robertson's contentions in this regard, the record includes substantial evidence to support the ALJ's determination that Ms. Robertson's complaints regarding pain and debilitating symptoms were not entirely credible. Indeed, after a thorough review of Ms. Robertson's medical records, the ALJ correctly noted the record failed to show debilitating pulmonary or back conditions. (R. 26-27). Accordingly, the ALJ concluded, "the objective medical evidence does not support the level of severity or symptoms alleged by the claimant." (R. 26). *See Holt*, 921 F.2d at 1223.

For the foregoing reasons, the ALJ properly applied the Eleventh Circuit's pain standard in evaluating Ms. Robertson's self-reported symptoms. Moreover, substantial evidence supports the ALJ's conclusions in this regard.

### B.      The Minimal Weight Given to Dr. Aldaher's Opinion

"Generally, a treating doctor's opinion is entitled to more weight than a consulting doctor's." *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). Moreover, a one-time examiner's opinion is not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). While the ALJ can "reject the opinion of any physician when the evidence supports a contrary conclusion . . . the ALJ is required [] to state with particularity the weight he gives to different medical opinions and the reasons why." *McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006) (citing *Bloodsworth* v. *Heckler*, 703 F.2d 1233,1240 (11th Cir. 1983); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). Furthermore, the ALJ must explain why an opinion is inconsistent with the medical record; he or she cannot simply make a conclusory pronouncement that the opinion is inconsistent with evidence of record. *See Bell v. Colvin*, No. 15-0743, 2016 WL 6609187 at *4 (M.D. Ala. Nov. 7, 2016).

Dr. Aldaher conducted a consultative examination of Ms. Robertson on January 15, 2014.   (R. 601; *see* R. 20).   Because Dr. Aldaher is a one-time consulting physician, his opinion is entitled to less weight than the opinion of a

treating physician.  *McSwain,* 814 F.2d at 619.  The ALJ gave Dr. Aldaher's opinion minimal weight, concluding it was "inconsistent with his own findings." (R. 28).  The ALJ properly cited several reasons in support of this conclusion.  *See Bel*, 2016 WL 6609187 at *4.  Specifically, Dr. Aldaher concluded Ms. Robertson was unable to perform work-related activities involving sitting, standing, walking, or carrying objects.  However Dr. Aldaher also opined Ms. Robertson could occasionally lift up to fifty (50) pounds, as well as sit, stand, and walk for an hour without interruption.  (R. 27-28).  Thus, the ALJ's conclusion that Dr. Aldaher's opinion is internally inconsistent is supported by substantial evidence.

For the foregoing reasons, the ALJ did not err in affording minimal weight to Dr. Aldaher's opinion.

## IV.    CONCLUSION

Upon review of the administrative record, and considering all of Ms. Robertson's arguments, the court finds the Commissioner's decision is supported by substantial evidence and is in accord with the applicable law.  Accordingly, the Commissioner's decision is due to be affirmed.  A separate order will be entered.

**DONE** this 20th day of September, 2017.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE